**SYLVIA BAIZ**
California Bar No. 124367
The Granger Building
964 Fifth Avenue, Suite 214
San Diego, California  92101
Telephone:  (619) 544-1410
Facsimile: (619) 544-1473

Attorney for Defendant **Zamora-Arizaga**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HON. IRMA E. GONZALEZ)**

| | |
|---|---|
| **UNITED STATES OF AMERICA**,<br>　　　Plaintiff,<br>v.<br>**BENITO DEJESUS EMMANUEL ZAMORA-ARIZAGA**,<br>　　　Defendant. | Criminal No.  **07-CR-3407-IEG**<br><br>Date: January 22, 2008<br>Time: 1:30 p.m.<br><br>**STATEMENT OF FACTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS** |

**I.**

**STATEMENT OF FACTS**

Mr. Zamora-Arizaga was arrested on December 10, 2007 as he was a passenger in a van driven by his sister and co-defendant Evelyn Verenice Zamora Arizaga where an undocumented person was found hidden.  The undocumented person, Lorena Ramirez Sanchez was found in a compartment in a side panel of the van in which Mr. Zamora was a passenger.

Mr. Zamora Arizaga initially agreed to speak with agents upon his arrest.  However, the agents began threatening him with additional charges and applying psychological pressure related to his family so he requested that they stop questioning him.

**II.**

**MOTION TO COMPEL DISCOVERY**

Mr. Zamora-Arizaga requests the following discovery pursuant to Fed. R. Crim. P.

12(b)(4) and 16:

(1) all written and oral statements made by Mr. Zamora-Arizaga. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of Mr. Zamora-Arizaga are contained. It also includes the substance of any oral statements which the government intends to introduce at trial. These are all discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963). Mr. Zamora-Arizaga also requests any response to any Miranda warnings which may have been given to him. See United States v. McElroy, 697 F.2d 459 (2d Cir. 1982);

(2) all documents, statements, agents' reports, and tangible evidence favorable to Mr. Zamora-Arizaga on the issue of **guilt or punishment** and/or which affects the credibility of the government's case. Mr. Zamora-Arizaga specifically requests **dispatch tapes or recordings related to communications amongst border patrol agents attempting to arrest Mr. Zamora-Arizaga**. This evidence must be produced pursuant to Brady v. Maryland, 373 U.S. 83, 87 (1963), and United States v. Agurs, 427 U.S. 97 (1976);

(3) all evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any prior arrests and convictions or prior bad acts. Mr. Zamora-Arizaga specifically requests any evidence demonstrating that he previously evaded checkpoints or border patrol agents. Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B). Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609;

(4) all evidence seized as a result of any search, either warrantless or with a warrant, in this case, including the van in which Mr. Zamora was a passenger when he was arrested and all of its contents.. He also specifically requests copies of all photographs, videotapes or recordings made in this case. This is available under Fed. R. Crim. P. 16(a)(1)(C);

(5) all arrest reports, investigator's notes, memos from arresting officers, sworn statements and prosecution reports pertaining to Mr. Zamora-Arizaga's arrest. These are available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(i);

(6) the personnel file of the interviewing agent(s) containing any complaints of

1 assaults, abuse of discretion and authority and/or false arrest. Pitchess v. Superior Court, 11
2 Cal. 3d. 531, 539 (1974). In addition, the defense requests that the prosecutor examine the
3 personnel files of all testifying agents, and turn over Brady and Giglio material reasonably in
4 advance of trial. United States v. Henthorne, 931 F.2d 29, 30-31(9th Cir. 1991). If the
5 prosecutor is unsure as to whether the files contain Brady or Giglio material, the files should
6 be submitted to the Court, in camera. Id. The prosecution should bear in mind that there
7 exists an affirmative duty on the part of the government to examine the files. Id.;

8    (7) any and all statements made by any other uncharged co-conspirators. The defense
9 is entitled to this evidence because it is material to preparation for the defendant's case and
10 potentially Brady material. Also, insofar as such statements may be introduced as
11 co-conspirator statements, they are discoverable. Fed. R. Crim. 16(a)(1)(C) and Brady. This
12 evidence must be produced pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and United
13 States v. Agurs, 427 U.S. 97 (1976);

14    (8) Mr. Zamora-Arizaga requests copies of any and all audio/video tape recordings
15 made by the agents in this case and any and all transcripts, including taped recordings of any
16 conversations of any of the agents involved in this case. This evidence is available under
17 Fed. R. Crim. P. 16(a)(1)(C);

18    (9) Mr. Zamora-Arizaga specifically requests the name and last known address of
19 each prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir.
20 1987); United States v. Tucker, 716 F.2d 583 (9th Cir. 1983) (failure to interview
21 government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181
22 (9th Cir. 1979) (defense has equal right to talk to witnesses).

23    (10) all other documents and tangible objects, including photographs, books, papers,
24 documents, photographs, or building or places or copies of portions thereof which are
25 material to Mr. Zamora-Arizaga's defense or intended for use in the government's
26 case-in-chief or were obtained from or belong to Mr. Zamora-Arizaga. Mr. Zamora-Arizaga
27 also requests access to all his personal belongings seized, including his wallet, any clothes he
28 was wearing at the time of his arrest and any baggage he had with him. Rule 16(a)(1)(C);

3

1     (11) all results or reports of scientific tests or experiments, or copies of which are
2 within the possession, control, or custody of the government or which are known or become
3 known to the attorney for the government, that are material to the preparation of the defense,
4 including the opinions, analysis and conclusions of experts consulted by law enforcement
5 including finger print specialists in the instant case. These must be disclosed, once a request
6 is made, even though obtained by the government later, pursuant to Fed.R.Crim.Pro.
7 16(a)(1)(D).

8     (12) any express or _implicit_ promise, understanding, offer of immunity, of past,
9 present, or future compensation, agreement to execute a voluntary return rather than
10 deportation or any other kind of agreement or understanding between _any_ prospective
11 government witness and the government (federal, state and local), including any implicit
12 understanding relating to criminal or civil income tax liability. _United States v. Shaffer_, 789
13 F.2d 682 (9th Cir. 1986); _United States v. Risken_, 788 F. 2d 1361 (8th Cir. 1986); _United
14 States v. Luc Levasseur_, 826 F.2d 158 (1st Cir. 1987);

15     (13) any discussion with a potential witness about or _advice_ concerning any
16 contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the
17 advice not followed. _Brown v. Duggen_, 831 F.2d 1546, 1558 (11th Cir. 1986) (evidence that
18 witness sought plea bargain is to be disclosed, even if no deal struck); _Haber v. Wainwright_,
19 756 F.2d 1520, 1524 (11th Cir. 1985);

20     (14) any evidence that of any witnesses who were with Mr. Zamora-Arizaga at the
21 time of his arrest or information that any prospective government witness is biased or
22 prejudiced against the defendant, has a motive to falsify or distort his or her testimony or is
23 prejudiced against Mexican people. _Pennsylvania v. Ritchie_, 480 S.Ct. 39 (1989); _United
24 States v. Strifler_, 851 F.2d 1192 (9th Cir. 1988);

25     (15) any evidence that any prospective government witness has engaged in any
26 criminal act whether or not resulting in a conviction. See Rule 608(b), Federal Rules of
27 Evidence and _Brady_;

28     (16) any evidence that any prospective witness is under investigation by federal, state

1  or local authorities for any criminal conduct. United States v. Chitty, 760 F.2d 425 (2d Cir.),
2  cert. denied, 474 U.S. 945 (1985); and,
3         (17)  any evidence, including any medical or psychiatric report or evaluation, tending
4  to show that any prospective witness's ability to perceive, remember, communicate, or tell the
5  truth is impaired; and any evidence that a witness has ever used narcotics or other controlled
6  substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197 (9th Cir.
7  July 11, 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980);
8         (18) the name and last known address of every witness to the crime or crimes charged
9  (or any of the overt acts committed in furtherance thereof) who will not be called as a
10 government witness. Mr. Zamora-Arizaga specifically requests any notes, reports or
11 recordings of any statements made by material witnesses who were released.  United States
12 v. Cadet, 727 F.2d 1469 (9th Cir. 1984);
13        (19)  the name and last known address of each prospective government witness. See
14 United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d
15 583 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective);
16 United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to
17 witnesses);
18        (20)  the name of any witness who made an arguably favorable statement concerning
19 the defendant or who could not identify him or who was unsure of his identity, or
20 participation in the crime charged. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968);
21 Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); James v. Jago, 575 F.2d 1164,
22 1168 (6th Cir. 1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1975);
23        (21)  Mr. Zamora-Arizaga requests a transcript of the grand jury testimony and rough
24 notes of all witnesses expected to testify at the motion hearing or at trial.  This evidence is
25 discoverable under Fed. R. Crim. P. 12(i) and 26 and will be requested pursuant to
26        (22) Jencks Act Material.  The defense requests all material to which defendant is
27 entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, reasonably in advance of trial,
28 including dispatch tapes.  A verbal acknowledgment that "rough" notes constitute an accurate

account of the witness' interview is sufficient for the report or notes to qualify as a statement under §3500(e)(1). Campbell v. United States, 373 U.S. 487, 490-92 (1963). In United States v. Boshell, 952 F.2d 1101 (9th Cir. 1991), the Ninth Circuit held that when an agent goes over interview notes with the subject of the interview the notes are then subject to the Jencks Act. The defense requests pre-trial production of Jencks material to expedite cross-examination and to avoid lengthy recesses during the pre-trial motions hearings or trial. Mr. Zamora-Arizaga specifically requests rough notes regarding the interview of Mr. Zamora-Arizaga, especially if the notes reflect the time and place of those statements. Mr. Zamora-Arizaga puts the government on notice that he will seek rough notes of any and all testifying agents on the date set for the motion hearing, and requests that the agent/witnesses be instructed to bring the notes to court.

### III.

**DEFENDANT'S STATEMENTS SHOULD BE SUPPRESSED BECAUSE THEY WERE TAKEN IN VIOLATION OF HIS FIFTH AND SIXTH AMENDMENT RIGHTS**

Mr. Zamora Arizaga made statements to agents upon initially agreeing to speak with them. Mr. Zamora was, however, threatened by agents that he would be charged perjury and making a false statements to agents. Agents also told him that he should change his statements for the sake of his child.

Custodial interrogation conducted to secure incriminating statements from an accused must be preceded by procedural safeguards. Miranda v. Arizona, 348 U.S. 437 (1966). Once a person is in custody, Miranda warnings must be given before any interrogation. "If the interrogation continues without the presence of an attorney and a statement is taken, a heavy burden rests on the government to demonstrate that the defendant knowingly and intelligently waived his privilege against self-incrimination and his right to . . . counsel." Miranda v. Arizona, 384 U.S. at 475. No evidence or statement obtained through a custodial interrogation may be used at trial unless and until the government demonstrates that the defendant received Miranda warnings prior to the statement and validly waived her or his

6

1   rights. Id. 384 U.S. at 479.

2       In both <u>Moran v. Burbine</u>, 475 U.S. 412, 106 S.Ct. 1135, 89 L.Ed.2d 410 (1986) and
3   <u>Colorado v. Spring</u>, 479 U.S. 564, (1987), the Supreme Court emphasized the high level of
4   proof required to show a free and voluntary waiver of <u>Miranda</u>. <u>Id.</u>, 479 U.S. at 573,
5   quoting <u>Moran v. Burbine</u>, 475 U.S. at 421. This Court must "indulge every reasonable
6   presumption against waiver" of Miranda rights. <u>United States v. Heldt</u>, 745 F.2d 1275, 1277
7   (9th Cir. 1984). The validity of the waiver "depends . . . 'upon the particular facts and
8   circumstances surrounding [the] case, including the background, experience and conduct of
9   the accused.'" <u>Edwards v. Arizona</u>, 451 U.S. 477, 482, reh'g denied, 452 U.S. 973 (1981)
10  (quoting <u>Johnson v. Zerbst</u>, 304 U.S. 458, 464 (1938)).

11      In addition to proving <u>Miranda</u> warnings and a valid waiver, the government must
12  also establish, by a preponderance of evidence, that any statement was given voluntarily.
13  <u>Lego v. Twomey</u>, 404 U.S. 477, 484 (1972). This is a separate requirement: a confession
14  admitted in violation of <u>Miranda</u> violates a defendant's Fifth Amendment right against
15  self-incrimination and his Sixth Amendment right to counsel; a coerced confession also
16  violates a defendant's right to due process of law. See <u>Jackson v. Denno</u>, 378 U.S. 368, 376
17  (1964).

18      When law enforcement officers use psychological pressure to break down the will of
19  an accused, all statements elicited thereby are deemed involuntary. See <u>Spano v. New York</u>,
20  360 U.S. 315 (1959). A confession is involuntary whether it occurs by physical intimidation
21  or psychological pressure. <u>Townsend v. Sain</u>, 307 U.S. 293 (1963). Subtle psychological
22  coercion, either by promises of leniency or indirect threats, may also render a confession
23  involuntary. <u>United States v. Tingle</u>, 658 F.2d 1332, 1335 (9th Cir. 1981). Here agents
24  used psychological pressure by telling Mr. Zamora that he would be charged with making a
25  false statement to federal officials and that he should change his statement for the sake of his
26  child. Such threat by agents evidence the involuntary nature of all statements made by Mr.
27  Zamora and the Court should thus suppress all statements made by Mr Zamora.

28      An evidentiary hearing in this matter is necessary. <u>United States v. Batiste</u>, 868 F.2d

1414 (9th Cir. 1989) (holding that a district court has complete discretion to hold an evidentiary hearing whenever a Fourth Amendment violation is alleged and in footnote 5, implying that an evidentiary hearing <u>must</u> be held if a Fifth Amendment violation is alleged).

In addition, Title 18 U.S.C. §3501 requires a hearing on voluntariness prior to the admission of any defendants' statement.

### IV.

### MR. ZAMORA-ARIZAGA'S TRIAL SHOULD BE SEVERED FROM THAT OF THE CO-DEFENDANT'S.

The grounds for the severance of Mr. Zamora-Arizaga's trial from that of the other defendant's are premised upon Federal Rule of Criminal Procedure 14. Rule 14 provides:

> <u>Relief from Prejudicial Joinder</u>. If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the Court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

Severance for prejudicial joinder under Rule 14 is discretionary. <u>See, e.g.</u>, <u>United States v. Lutz</u>, 621 F.2d 940 (9th Cir. 1980).

Rule 14 of the Federal Rules of Criminal Procedure provides that if it appears that a defendant is prejudiced by joinder of defendants in an indictment or by joinder for trial together, the Court may grant a severance or provide whatever other relief justice requires. <u>See, e.g.</u>, <u>United States v. Escalante</u>, 637 F.2d 1197, 1201 (9th Cir. 1980); <u>United States v. Lutz</u>, 621 F.2d 940 (9th Cir. 1980); <u>United States v. Toussant</u>, 619 F.2d 810 (9th Cir. 1980). A motion for severance is addressed to the trial court's discretion. <u>United States v. Doe</u>, 655 F.2d 920, 926 (9th Cir. 1980); <u>United States v. Seifert</u>, 648 F.2d 557, 563 (9th Cir. 1980). The defendant must demonstrate that a joint trial is "so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever." <u>Doe</u>, 655 F.2d at 926.

8

1    It is possible that Mr. Zamora-Arizaga's co-defendant may offer exculpatory testimony for Mr. Zamora-Arizaga at a separate trial, but will likely assert their Fifth Amendment right to remain silent if the defendants are tried together.  Upon the filing of an affidavit to this effect, Mr. Zamora-Arizaga is entitled to severance of his case from that of his co-defendants.  United States v. Vigil, 561 F.2d 1316 (9th Cir. 1977); United States v. Echeles, 352 F.2d 892 (7th Cir. 1965).  Mr. Zamora-Arizaga reserves the right to provide the Court with an affidavit which satisfies the requirements of Vigil, and thus supports the granting of a severance prior to trial..

   If the Court grants Mr. Zamora-Arizaga's motion to sever, Mr. Zamora-Arizaga requests that his trial be continued until after that of his co-defendant, since if his trial were to proceed after Mr. Zamora-Arizaga's, he would likely assert his Fifth Amendment rights to remain silent at the first trial.  The Ninth Circuit has held that it may "be[] an abuse of discretion for the district court to grant severance expressly to enable a co-defendant witness to offer exculpatory testimony and then to deny the continuance which would have deterred the witness from invoking the Fifth Amendment."  United States v. Gay, 567 F.2d 916, 921, n.8 (9th Cir. 1978).  Accordingly, Mr. Zamora-Arizaga requests that he be tried after his co-defendant.

   Even if a co-defendant would not voluntarily testify at his separate trial, Mr. Zamora-Arizaga has a constitutional right to call her as a witness.  If a co-defendant is called as a witness and refuses to answer questions based on Fifth Amendment privilege, Mr. Zamora-Arizaga can seek to compel that testimony by requesting immunity as to statements made in court.  At that time, Mr. Zamora-Arizaga could seek an order requiring the government to grant use immunity to the co-defendant's testimony under 18 U.S.C. § 6003(b)(1).  Such use of this statute is compelled by the Sixth Amendment's guarantee of compulsory process and by the Fifth Amendment's due process considerations of fairness.  See United States v. Leonard, 494 F.2d 955, 985 n.79 (D.C. Cir. 1974) (concurring and dissenting opinion of J. Bazelon); see also United States v. Westerdahl, 945 F.2d 1043 (9th Cir. 1991).

   If statutory immunity is not appropriate, the Court can confer immunity independent

9

of the prosecutor's statutory power because Mr. Zamora-Arizaga would be "prevented from presenting exculpatory evidence which is crucial to [his] case." <u>Government of the Virgin Islands v. Smith</u>, 613 F.2d 964, 969-70 (3d Cir. 1980); see <u>United States v. Alessio</u>, 528 F.2d 1029 (9th Cir. 1976). Mr. Zamora-Arizaga's rights to compulsory process and to due process of law entitle him to a separate trial if the co-defendant refuses to testify at a joint trial.

## V.
## LEAVE TO FILE FURTHER MOTIONS

Because the Mr. Zamora-Arizaga has not had an opportunity to interview the material witness, he requests that he be allowed time to file such additional pretrial motions as may become necessary.

## VI.
## CONCLUSION

For the above stated reasons, it is respectfully requested that the Court grant the above motions.

Respectfully submitted,

/S/ Sylvia Baiz

Dated: January 8, 2008    **SYLVIA BAIZ**
Attorney for Defendant **Zamora-Arizaga**